■ JACK H. WICH et al., Appellants, v. BARBARA J. PHILLIPS, Appellant, and DONALD VEDDER, Respondent.— *Per Curiam.* Appeals by plaintiffs and by defendant Phillips from a judgment of the Supreme Court entered upon verdicts in favor of the plaintiffs and against the defendant Phillips for damages for personal injuries, and in favor of the defendant Vedder and against the plaintiffs of no cause of action, in a motor vehicle negligence case arising from a three-car accident. Defendant Phillips' purported appeal from denials of motions directed to the verdict is ineffective in the absence of any order entered upon such denials. The Vedder automobile and the Wich car behind it were proceeding southerly on Grand Central Avenue in the Town of Horseheads while the Phillips vehicle was proceeding northerly on the same street, until Vedder, upon making a left turn across the north-bound lane so as to reach a dairy bar on the east side of the highway, came into collision with the Phillips car, which thereupon crossed the center line of the highway and collided with the Wich car. Any conclusion that the Phillips car was being operated without headlights at the time of the accident — at night in late October — seems to us contrary to the weight of the evidence thus far developed. The headlights in question were so badly smashed in the accident as to be rendered inoperable, as was shown by the testimony of the investigating State Trooper, who testified, further, that he found the headlight switch in the " on " position while the driver was still unconscious in the car. Testimony that the headlights were functioning was adduced from a disinterested witness — the operator of an automobile emerging from the driveway that Vedder intended to enter — and from the plaintiff driver, who thus testified against interest, as well as from the defendant Phillips and her husband and father. We find, also, that the verdict exculpating Vedder is contrary to the weight of the evidence. This conclusion is fortified by the record of Vedder's conviction, upon his plea of guilty, of a violation of subdivision (a) of section 1163 of the Vehicle and Traffic Law, in pertinent part providing that no person shall " turn a vehicle to enter  a private road or driveway * * * unless and until such movement can be made with reasonable safety [nor] so turn any vehicle without giving an appropriate signal ". Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam.*